LUCIA ARPINO, Individually and as Administratrix, etc., of DOMINICK ARPINO, Deceased, Appellant, v. HENRY E. BEYL and Another, Respondents.

Second Department, October 30, 1925.

Motor vehicles — action for death of plaintiff's intestate — evidence is conflicting as to whether unknown defect in automobile caused accident — error to hold as matter of law that accident was unavoidable — defendant, although licensed in prior years, was not licensed to operate at time of accident — error to hold as matter of law that he was competent.

In an action to recover for the death of plaintiff's intestate, who was killed through the alleged negligent operation of an automobile by one of the defendants, it

was error for the court to hold as a matter of law that the accident was unavoidable, since the testimony on behalf of the defendant, to the effect that the accident was caused by an unknown defect in the automobile, was directly contradicted by his own evidence and by the testimony of other witnesses; the question should have been submitted to the jury.

It was error for the court to refuse to admit evidence as to the competency of the defendant as a driver, and to hold as a matter of law that the driver, who had been licensed in previous years but was not licensed to operate an automobile at the time of the accident, was competent then to do so.

APPEAL by the plaintiff, Lucia Arpino, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 10th day of April, 1925, upon the dismissal of the complaint upon the merits as to both defendants at the close of the entire case.

*Ralph G. Barclay* [*Rufus L. Perry* with him on the brief], for the appellant.

*James E. Finegan*, for the respondents.

KELLY, P. J.:

At the close of the evidence an issue of fact was presented for determination by the jury whether the death of plaintiff's intestate was caused by the negligent operation of the automobile by the unlicensed defendant, respondent, Henry E. Beyl, or whether it was an unavoidable accident. The only evidence to sustain the latter contention came from the defendant Henry E. Beyl, a vitally interested witness. He was contradicted by his own evidence that he examined the steering gear before he started out with the automobile and found it in perfect condition, and by the evidence of the policeman that the car was safely operated to the police station after the accident. So far as the reference to a misplaced or loose pin in the steering gear is concerned, there is nothing to show that this interfered with the operation of the steering gear, and it may have been misplaced or loosened by the crash of the accident. One of plaintiff's witnesses testified that immediately after the accident he tested the steering wheel and found it working properly. Under these circumstances it was error for the learned trial justice to decide as matter of law that the accident was unavoidable. As the action is to be retried as against defendant Henry E. Beyl we think we should also call attention to the erroneous ruling in excluding his evidence as to his experience in driving automobiles. The defendant admitted he was operating the automobile in 1923 without a license, and that he knew he was violating the law. He had been licensed to drive automobiles in 1919 and again in 1921. The learned trial justice said that he was presumed to have been competent when he obtained these licenses. But without any

explanation of his failure to obtain a license in 1922 or 1923, the learned court said he thought the defendant was competent to drive a car in 1923, even though he did not have a license. This ruling, we think, as a matter of law, was erroneous.

The judgment in favor of Christ Beyl should be affirmed, without costs. The judgment in favor of Henry E. Beyl should be reversed upon the law and a new trial granted, with costs to appellant to abide the event.

RICH, MANNING, YOUNG and KAPPER, JJ., concur.

Judgment in favor of Christ Beyl unanimously affirmed, without costs. Judgment in favor of Henry E. Beyl reversed upon the law, and a new trial granted, with costs to appellant to abide the event.